UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| In re: UBS FINANCIAL SERVICES, INC. OF PUERTO RICO SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Civil No. 1:15-mc-00191 (APM) |

**MEMORANDUM OPINION AND ORDER**

**I.     BACKGROUND**

Plaintiffs SDM Holdings Inc., Carmelo Roman, and Ricardo Roman-Rivera and Defendants UBS Financial Services Incorporated of Puerto Rico, UBS Trust Company of Puerto Rico, UBS Financial Services Inc., and Carlos J. Ortiz are engaged in a complex securities lawsuit in the United States District Court for the District of Puerto Rico.  Plaintiffs originally filed their case in August 2012.  The case has generated a lengthy docket of proceedings over the past three years.

On January 29, 2015, Plaintiffs served on the Securities and Exchange Commission ("SEC") in Washington, D.C., a subpoena *duces tecum* ("the Subpoena") issuing from the District of Puerto Rico, demanding the production of nine categories of documents that largely mirror documents sought by the SEC during its investigation of Defendants, which occurred in 2009 and 2010.  Before this court is Defendants' Motion to Quash Subpoena. ECF No. 1.  Defendants argue that the Subpoena which the Plaintiffs served on the SEC is an attempt to evade the discovery process underway in Puerto Rico.  Further, they argue that the Subpoena places an undue burden

of production on the SEC. Thus, Defendants ask the court to quash the subpoena, or in the alternative, to stay a decision on this motion or to transfer the motion to the District of Puerto Rico for resolution there.

## II. ANALYSIS

According to Federal Rule of Civil Procedure 45:

> When the court where compliance [with a subpoena] is required did not issue the subpoena, it may transfer a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

Fed. R. Civ. P. 45(f). The Advisory Committee Note regarding the 2013 amendments to Rule 45 provides further explanation. Although it advises courts that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas," it notes that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation . . . if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f) advisory committee's notes; *see also XY, LLC v. Trans. Ova Genetics, L.C.*, --- F.R.D. --- (2014), 2014 WL 4437728, at *1 (D.D.C. Sept. 10, 2014) (highlighting the comments of the advisory committee). The advisory committee also suggests that a federal judge addressing a subpoena in a compliance district should consult with the federal judge in the issuing district to determine whether transfer of a subpoena-related motion is warranted. Fed. R. Civ. P. 45(f) advisory committee's notes.

A court in a compliance district should not "assume[ ] that the issuing court is in a superior position to resolve subpoena-related motions." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, --- F.R.D. --- (2014), 2014 WL 4954368, at *3 (D.D.C. Oct. 3, 2014) (quoting Fed. R. Civ. P. 45(f) advisory committee's notes). Instead, it should look to a variety of factors to determine if the judge from the issuing court is "in a better position to rule on the . . . motion . . . due to her

familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 47 (D.D.C. 2014).  Among other elements, courts determining whether "exceptional circumstances" exist to warrant transfer have considered "[case] complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch,* 2014 WL 4954368, at *3; *see also id*. (describing the factors analyzed by courts in various transfer cases).  Ultimately, "the proponent of transfer bears the burden" of showing that the exceptional circumstances justifying transfer are present in a specific case.  Fed. R. Civ. P. 45(f) advisory committee's notes.

This case involves complex securities issues stemming from events in Puerto Rico.  Additional plaintiffs and their cases have been both consolidated into, and terminated from, these proceedings.  The case has been pending in the District of Puerto Rico for almost three and a half years, and Judge Cerezo has issued a multitude of orders resolving significant procedural and discovery disputes during that time.  Among other issues, these orders have addressed a motion to compel; a motion to quash subpoenas; a motion for protective order; a motion requesting the appointment of a magistrate judge to resolve pre-trial discovery and scheduling matters; and a motion to dismiss.  Further, the court understands that class certification remains pending, and Judge Cerezo's ruling on that issue may impact the scope of discovery.  Given the lengthy history of prior substantive proceedings in Puerto Rico, Judge Cerezo is in a better, more informed position to rule on the Defendants' motion.  Transferring the motion not only prevents disruption of Judge Cerezo's management of this case, but promotes judicial economy and avoids possible inconsistent results in discovery orders.  *See Wultz,* 304 F.R.D. at 47.  The court has consulted with Judge Cerezo, and she has agreed to address the discovery dispute.

Finally, if the case were transferred to the District of Puerto Rico, the burden on the SEC would be minimal. Given the agency's "national reach and familiarity with litigation in courts outside this jurisdiction, the general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes is significantly reduced." *Judicial Watch*, 2014 WL 4954368, at *4 (describing the effect that a non-profit's nationwide reach has on reducing the burden of out-of-district subpoena-related litigation). In addition, if the SEC chooses to intervene in future litigation over this subpoena, any cost would be likely be *de minimis*. Defs.' Mot. to Quash at 14-15. To date, the SEC itself has neither intervened in regard to this motion nor indicated to the court that it opposes transfer.

### III.   CONCLUSION

For the foregoing reasons, the court grants in part Defendants' Motion to Quash Subpoena and finds "exceptional circumstances" warranting transfer of the motion to the issuing court. Accordingly, the court orders that Defendants' Motion to Quash Subpoena be transferred to the District of Puerto Rico for further resolution.

Dated: July 9, 2015

Amit P. Mehta
United States District Judge